IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOSE DE JESUS MENA ORTIZ | * | |
| Petitioner, | | |
| v. | * | CIVIL ACTION NO. WDQ-05-1666 |
| ICE | * | |
| Respondent. | | |
| | ****** | |

**MEMORANDUM**

On June 17, 2005, the Court received a letter from Jesus Mena-Ortiz, who is being held in Department of Homeland Security, Immigration and Bureau of Customs Enforcement ("ICE") at the Worchester County Detention Center in Snow Hill, Maryland.  The letter has been construed as a  28 U.S.C. § 2241 Petition for writ of habeas corpus.  According to  attachments which accompanied the letter, Petitioner was ordered removed and departed the United States on February 20, 1999.  Paper No. 1 at Attachments.  He illegally reentered the country on or after February 20, 1999, and on April 7, 2005, was arrested, detained, and notified of the Attorney General's intention to reinstate the prior order of removal.[1]  *Id*.  Petitioner claims that on April 7, 2005, he signed documents so he would be sent back to Mexico as soon as possible.  *Id*.  He claims that he has been detained for over 70 days and still has not heard anything from immigration authorities.  *Id*.  He asks to be deported as soon as possible.

Petitioner predicates his claims on the failure of ICE to deport him to Mexico.   The Court finds, however, that Petitioner's current custody is not impermissible under the law.

---

[1] According to ICE District Counsel, the prior order of removal was in fact reinstated on April 7, 2005.

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court held that post-removal-order detention under Immigration and Naturalization Act ("INA") § 241(a)(6), 8 U.S.C. § 1231(a)(6), read in light of the due process protections to be afforded to aliens who have been admitted into the United States, generally permits the detention of such an alien under a final order of removal only for a period reasonably necessary to bring about that alien's removal from the United States. *Zadvydas*, 533 U.S. at 701. Associate Justice Stephen G. Breyer, writing for the majority, concluded that the detention of such an alien beyond the statutory removal period, for up to six months after the removal order becomes final, is "presumptively reasonable." *Id.* After six months, if an alien can provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the government must rebut the alien's showing in order to continue the alien in detention. *Id*.

Petitioner claims that he was taken into ICE custody on April 7, 2005. He has remained in ICE custody, subject to the reinstated order of removal, for approximately 75 days. Under Supreme Court caselaw the constitutional challenge to his continued custody is premature. The undersigned thus finds that his current detention violates neither procedural nor substantive due process. The petition for writ of habeas corpus shall be dismissed without prejudice.[2]

A separate Order follows.

Date: June  22 , 2005.                              /s/
                                                William Quarles, Jr.
                                                United States District Judge

---

[2] A courtesy copy of this Opinion shall be provided to District Counsel so as to place ICE officers on notice of Petitioner's post-removal-order detention concerns.